## No. 207

### LEONHARDT v. HOVANETZ

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 698. Decided Feb. 7, 1927

Judge Farr, 7th Dist., sitting. (On rehearing.)

1223. VACATION—1. Where error of clerk in failing to place demurrer to petition on the docket results in a default judgment in favor of plaintiff, such error is properly reached by motion to vacate, even after term.

2. A judgment so obtained is of no effect whatsoever, the moment the clerk's error is corrected, the demurrer being deemed filed prior to the entering of the default judgment.

PER CURIAM.

John Leonhardt filed a petition in the Cuyahoga Common Pleas against Stephen Hovanetz wherein he claimed injuries sustained on account of defendant's negligence, and prayed for judgment.

The case was advanced to be heard as in default and judgment rendered. No notice of this judgment came to defendant or his counsel until after the term of court, whereupon defendant filed a motion to vacate, reciting that prior to the rendition of judgment he had filed a demurrer to plaintiff's amended petition, but that through error of the clerk, the same was never placed upon the docket. The Court after reading the affidavit reciting the facts, granted the motion and assigned the case for trial on its merits.

Error was prosecuted to reverse the decision granting the motion to vacate. The Court of Appeals held:

1. The procedure to vacate the default judgment was properly had on motion, as error of the clerk or irregularities can be reached and corrected by motion even after term.

2. If the demurrer had been filed prior to the rendition of the judgment, the court would have been powerless to render default judgment without having first disposed of the demurrer, and in the event it was overruled, before giving defendant an opportunity to file an answer.

3. The error of the clerk goes to the very essence of the judgment which was a default judgment, pre-supposing a failure on part of the defendant to file any pleadings.

4. The court was duty bound to correct the clerk's error and the moment it was corrected, and the demurrer being deemed filed prior to the entering of default judgment, such judgment is of no effect, as there can be no such judgment while a demurrer is pending undisposed of.

Judgment affirmed.

(Levine, PJ., Sullivan & Farr, JJ., concur.)

Attorneys—Meta M. Peters for Leonhardt; Milton C. Portmann and Fred Kligman for Hovanetz; all of Cleveland.

## No. 208

### GIBSON v. ANDERSON

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2904. Decided Jan. 24, 1927

1271. WILLS—The sole words of a will being "I bequeath all my worldly goods to my dear husband," held to be disposition of personal estate only and does not pass real estate.

BUCHWALTER, P. J.

The question involved herein is the construction of the following will:

> "Sunday, Oct. 7, '23.
>
> I Margaret Gibson Anderson, bequeath all my worldly goods to my dear husband, Edward Anderson.
>
> (Signed) Margaret Gibson Anderson.
>
> Witnesses:
> P. G. H. Enderson.
> Mrs. Chas. F. Snyder."

This question was submitted to the Hamilton Common Pleas on an agreed statement of facts, under authority of 11427 GC.

The testatrix died seized of ancestral property; and if this will disposes of decedent's real estate it would pass in fee-simple to her husband, Edward Anderson; if not, said ancestral estate, under the laws of descent in Ohio, passes to the brother, in fee simple, subject to a life estate in said Edward Anderson.

The lower court entered a decree adjudging that Edward Anderson was the owner in fee simple of the estate. To reverse this judgment, error is now prosecuted. The Court of Appeasl held:

1. The words used in the will are words which are usually used to refer to personal property. "Bequeath" is usually used in disposing of personalty.

2. From various authorities the term "all my worldly goods" refers to and expresses personal property only and does not include real estate.

3. "The rule that a testator will not be presumed to have intended to die intestate as to any part of his estate, to which his intention seems to have been directed, applies only in the construction of a will the language of which is of equivocal import." Gilpin v. Williams, 17 OS. 397.

4. "The presumption against partial intestacy cannot have the effect of a bequest of property where none in fact was made. The question before the court must be not what should the testator have done, but what did he do, and what did he mean by the words actually employed." Oglesbee v. Miller, Excr., 111 OS. 426, 433.

5. To pass title to real estate under the will, it would be necessary to change the meaning of the words of disposition, so as to have "bequeath" construed as "devise" and "worldly goods" construed as "worldly goods and real estate". It would, under the guise of construction, change the meaning of the will and dispose of property where by the language of the will the testatrix made no disposition thereof.

6. Judgment reversed and judgment entered that Thomas Gibson is the owner in fee simple subject to the life estates.

Decree accordingly.

(Hamilton & Cushing, JJ., concur.)

Attorneys—Nathan Park for Gibson; Harmon, Colston, Goldsmith & Hoadly for Anderson; all of Cincinnati.